UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHNNIE DENICE HODGE STREET AND CURTIS DANIEL STREET | DOCKET NO. _____ |
| VERSUS | JUDGE _____ |
| WAL-MART, INC., ET AL. | MAGISTRATE JUDGE _____ |

**NOTICE OF REMOVAL AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, come WAL-MART LOUISIANA, LLC (erroneously named by plaintiffs as "Wal-Mart, Inc."), a Delaware limited liability company, and WAL-MART, INC., a Delaware corporation, defendants in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq*., and reserving all rights, respectfully show as follows:

1.

This suit was filed by plaintiffs, JOHNNIE STREET and CURTIS STREET ("plaintiffs"), in the Fourth Judicial District Court, Ouachita Parish, Louisiana, on the 8th day of September, 2022.

2.

Plaintiffs did not name Wal-Mart Louisiana, LLC as a defendant, but as that entity is the owner and operator of the store at which Johnnie Street claims to have been injured, and thus the proper party defendant, both entities join in this Notice of Removal and Jury Demand.

3.

Defendant Wal-Mart, Inc. was served with citation and a certified copy of the petition on September 19, 2022. As it was not named as a defendant, Wal-Mart Louisiana, LLC has not been served. Defendants have removed this case within thirty (30) days of service upon the first served defendant.

4.

Defendants allege that plaintiffs are residents, citizens, and domiciliaries of the State of Louisiana.

5.

This action is of a civil nature at law. At the time plaintiff's Petition was filed, defendant Wal-Mart Louisiana, LLC was and is now a Delaware limited liability company. The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP, a Delaware limited partnership. The general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware limited liability company. The limited partner of Wal-

Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company. The sole member of both WSE Management, LLC and WSE Investment LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Wal-Mart, Inc., a Delaware corporation with its principal place of business located in the State of Arkansas.

6.

Defendant Wal-Mart, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

7.

Plaintiffs also named an alleged employee of defendants in this matter, but used the fictious name of "Jane Roe". The removal statute explicitly states that, "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441 (b)(1). The Fifth Circuit has followed the mandate of this provision. *See Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240 (5th Cir. 2011); *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843 (5th Cir. 2014); *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 619 (5th Cir. 2019) (noting "[a]lthough 'John Doe' is a more common version [of a fictitious defendant]," § 1441 also covers other fictitious names.)

8.

All properly named defendants are diverse from plaintiff. *See Duhon v. Lowes Home Centers,* LLC, 2019 WL 6696084, *2 (W.D. La. 2019). ("Darren" Doe's likely citizenship should be disregarded for removal purposes. Because parties properly named are completely diverse and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.)

9.

Defendants are diverse from plaintiffs.

10.

In their Petition for Damages, plaintiffs allege that Johnnie Street was injured when defendants' employee struck her with a pallet jack or cart full of merchandise at the Wal-Mart Neighborhood Market store in West Monroe, Louisiana.

11.

Plaintiffs allege that Mrs. Street suffered severe and permanently disabling injuries, including injuries to her spine resulting in severe pain in the neck and back radiating into her upper and lower extremities, describing her injuries as ruptured discs and aggravations of pre-existing conditions of her spine. Specifically, plaintiffs also allege that Mrs. Street suffered severe headaches and severe pain, which led to a need for medication and resulted in strokes, requiring additional medical treatment.

12.

In addition, plaintiffs allege that the injuries to her neck and back will require surgical intervention and extensive rehabilitation.

13.

Plaintiffs further allege that Mrs. Street's injuries have led to short term memory loss, decreased ability to grasp and hold things and provoked a seizure type of activity, causing a loss of vision. Plaintiffs allege that Mrs. Street now cannot drive nor function normally.

14.

Plaintiffs also allege they will incur past, present, and future pain, suffering, disability, mental anguish, embarrassment, inconvenience, loss of enjoyment of life, and medical expenses.

15.

Plaintiffs also allege that as a result of the accident and Mrs. Street's injuries, Mrs. Street has been unable to work, resulting in lost wages and a diminution of her earning capacity.

16.

Mr. Street alleges that he has been adversely impacted by Mrs. Street's injuries, detailing specific claims and alleging that he is entitled to damages for loss of consortium, loss of service, and loss of society.

17.

Plaintiffs' Petition is silent with respect to whether their damages exceed the jurisdictional threshold of this Court. However, a claim for permanent disability alone supports a finding that it is facially apparent from the complaint that the amount in controversy requirement is met. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226 (5th Cir. 2002); *Aisola v. Exxonmobile Corp.*, 2009 WL 1455788 (E.D. La. 2009); *Lowery v. J.C. Penney Corp., Inc.*, 2006 WL 3827527 (W.D. La. 2006); *Simon v. Kansas City Southern Railway Co.*, 2021 WL 6331972 (W.D. La. 2021). Courts have awarded substantially more than $75,000 in cases where a permanent disability is proven. *See* cases cited in *Aisola*. Given the extensive injuries alleged in plaintiff's complaint and the various damages claimed, it is facially apparent that the amount in controversy exceeds $75,000.00. *Hernandez v. USA Hosts, Ltd.*, 418 Fed. Appx. 293 (5th Cir. 2011).

18.

Although plaintiffs' Petition is silent with respect to the jurisdictional threshold of this Court, it is apparent upon the face of plaintiffs' Petition that the damages for which they seek recovery exceeds $75,000.00.

19.

Because of the litany of injuries and damages plaintiffs claim to have suffered, and in particular because Mrs. Street has claimed that her injuries are permanent and disabling and since she will need surgical intervention and extensive rehabilitation, plaintiffs' damage claims exceed $75,000.00 exclusive of interests and costs.

20.

Accordingly, plaintiffs' damage claims exceed the jurisdictional threshold of this Court.

21.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

22.

The proper court for removal is the United States District Court for the Western District of Louisiana, Monroe Division.

23.

Defendants file as Exhibit A herewith copies of the entire record in the district court, which consists of the following:

(1)  Petition;

(2)  Citation issued to Wal-Mart, Inc.; and,

(3)  Service of Process Transmittal.

24.

Defendants further show unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the Fourth Judicial District Court, Ouachita Parish, Louisiana, all in accordance with 28 USC § 1446(d).

25.

Defendants are entitled to and request a trial by jury in this matter.

Shreveport, Louisiana, this 3rd day of October, 2022.

                        BLANCHARD, WALKER, O'QUIN & ROBERTS
                            (A Professional Law Corporation)

        By:    /s/ Scott R. Wolf
              Scott R. Wolf, Bar #28277

700 Regions Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone:  (318) 221-6858
Telecopier: (318) 227-2967
E-Mail: swolf@bwor.com

ATTORNEYS FOR DEFENDANTS,
WAL-MART, INC. AND
WAL-MART LOUISIANA, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by placing same in the United States Mail, postage paid:

>Ms. Dana Benson – 4th JDC
>Ouachita Parish Clerk of Court
>P.O. Box 1862
>Monroe, Louisiana 71210
>
>Mr. D. Randolph Street
>LAW OFFICES OF STREET & STREET
>508 North 31st Street
>Monroe, Louisiana 71201

Shreveport, Louisiana, this 3rd day of October, 2022.

>/s/ Scott R. Wolf
>OF COUNSEL