UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNNIE DENICE HODGE STREET, ET AL.** | **CIV. ACTION NO. 3:22-05438** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART, INC., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is Plaintiffs Denice Hodge Street and Curtis Daniel Street's motion for leave to file a first amended and supplemental complaint to substitute a diversity-destroying defendant for a fictitiously named party [doc. # 12], and an associated motion to remand [doc. # 12], should the court grant the amendment. The compound motion is opposed. For reasons assigned below, the motion for leave to amend is GRANTED, and, therefore, it is recommended that the motion to remand be GRANTED, and that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed.

## Background

On September 18, 2021, Johnnie Denice Hodge Street ("Street") was a patron at the Walmart Neighborhood Market on Cypress Street, West Monroe, Louisiana, when a store employee inadvertently pushed a loaded pallet jack or cart into her that knocked her to the floor. (Petition). As a result of the accident, Street suffered severe and permanently disabling injuries, including ruptured discs in her neck and back, plus aggravation of preexisting spine conditions. (Petition, ¶ 11). In addition, her severe pain and associated pain medication caused her to suffer debilitating strokes on January 17 and September 22, 2022. *Id*. Consequently, on September 8,

2022, Street and her husband, Curtis Daniel Street, (collectively, the "Streets") filed the instant petition for damages in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, against the store owner, Walmart, Inc. ("Walmart"), and its unknown employee who was operating the pallet/cart, Jane Roe. (Petition). The Streets seek to recover damages sustained by Johnnie Street as a result of the accident, plus the loss of consortium damages suffered by Curtis Street. *Id.*, ¶¶ 11-15.

On October 3, 2022, Walmart removed the case to federal court on the exclusive basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). The parties filed their joint Rule 26(f) report on December 5, 2022. (Rule 26(f) Report [doc. # 9]). On December 8, 2022, Walmart mailed its initial disclosures to the Streets wherein they identified T'Airra Walker as the fictitiously named Jane Roe who had knocked Street over. (Rule 26 Init. Discl. & Witness Statement; M/Leave to Amend, Exh. 2 [doc. # 12-3]).

On January 20, 2023, the court issued a scheduling order that included, *inter alia*, a May 26, 2023 deadline for joinder of parties and amendment of pleadings. (Sched. Order [doc. # 11]).

On January 25, 2023, the Streets filed the instant motion for leave to file their First Amended and Supplemental Complaint ("FASC") to substitute Walmart employee, T'Airra Walker ("Walker"), for the fictitiously named Jane Roe. *See* FASC; M/Leave to Amend, Exh. 1 [doc. # 12-2]. Because the Streets and the proposed defendant, Walker, are all Louisiana domiciliaries, her joinder will destroy diversity jurisdiction and require remand. 28 U.S.C. § 1447(e). Consequently, the Streets filed a contemporaneous, but effectively conditional, motion to remand the case to state court, in the event that the court decides to grant her motion for leave

2

to file her FASC.

Walmart filed its combined opposition to the pending motions on February 15, 2023. [doc. # 14]. On February 22, 2023, the Streets filed a combined reply brief. [doc. # 15]. Accordingly, the matter is ripe.

## Law and Analysis

### I. Motion for Leave to Amend

Rule 15 provides that leave to amend shall be "freely [granted] when justice so requires." FED. R. CIV. P. 15(a)(2). This rule is circumscribed, however, by 28 U.S.C. § 1447(e) which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *Ascension Enters. v. Allied Signal*, 969 F. Supp. 359, 360 (M.D. La. 1997) (Section "1447(e) trumps Rule 15(a)."). Furthermore, § 1447(e) applies to the substitution of a properly named party for one that was sued under a fictitious name. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001)

Under these circumstances, courts are required to "scrutinize [the] amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Specifically, the court must balance the defendant's interest in maintaining a federal forum, with the competing interest of avoiding parallel lawsuits by considering the following "*Hensgens* factors,"

> [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether

amendment would be permitted. If it permits the amendment of the non-diverse defendant, it must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367-368 (5th Cir. 2010) (citation omitted).

One issue that often is considered within the *Hensgens* rubric is whether plaintiff has a reasonable possibility of recovery against the non-diverse defendant(s). For example, a plaintiff will not be "significantly injured" under *Hensgens* by a court's denial of leave to add a clearly meritless claim. *Wilson*, 602 F.3d at 368. Thus, the Fifth Circuit has held that it lies within a district court's "discretion" to deny a proposed amendment as futile, if there is no reasonable basis to predict that plaintiff will be able to recover against the would-be, non-diverse defendant. *Id*.

Nevertheless, an earlier Fifth Circuit panel made it clear that "[a] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (*i.e.,* a request fraudulently to join a party) would *never* be granted." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir.1999) (emphasis added).[1] In other words, the party opposing joinder has the opportunity to prevent joinder by demonstrating that plaintiff has no "colorable claim" against the proposed defendant. *Id*. This presents a potentially dispositive threshold issue, for if plaintiffs fail to state a colorable claim, then the court cannot permit amendment. *Cobb, supra*.

When deciding whether plaintiffs state a colorable claim for relief against the non-diverse

---

[1] The court added that because the improper joinder doctrine (f/k/a the "fraudulent joinder doctrine") applies only to those non-diverse parties on the record in state court at the time of removal, it necessarily does not apply to post-removal joinders. *Cobb*, 186 F.3d at 677.

defendant(s), the district court may permit "limited discovery into 'discrete and undisputed facts' that had been omitted from the complaint and that might preclude recovery against the in-state defendant . . ." *Wilson*, 602 F.3d at 373 (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004)).

a) Colorable Claim

When a case is removed to federal court on the basis of diversity jurisdiction, the Erie doctrine requires federal courts to apply state substantive law when adjudicating state law claims. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances." *Kemp v. CTL Distribution, Inc.*, 440 Fed. App'x. 240, 245 (5th Cir. 2011) (citing *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). "Liability may be imposed on such individuals even if the duty breached arises solely from the employment." *Id.* (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) and *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)). "If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable." *Ford*, 32 F.3d at 936 (citing *H.B. 'Buster' Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975)). Conversely, when considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned . . . [with] whether a viable claim may be made against [the defendant employee] personally and not whether [the employer] may be held vicariously liable for the action of its employees." *Johnson v. Packaging Corp. of America*, Civ. Action No. 18-613, 2019 WL 1271053 (M.D. La. Feb. 27, 2019) (internal citations omitted).

In *Canter v. Koehring Co.*, the Louisiana Supreme Court detailed the circumstances under which a corporate officer or employee may be held individually liable for injuries sustained by third parties. *Ford*, 32 F.3d at 935 (citing *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). The court acknowledged that "the officer, agent, or employee may . . . be liable for injury resulting from his fault independent of any obligation imposed upon him by virtue of his employment duties, even though the fault occurs during the course of his employment." *Canter*, 283 So.2d at 722, n.7. In addition, liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936.

Where the sole basis for the duty breached by the employee or manager is that imposed by virtue of the employment or agency relationship, then an employee may be personally liable if "(1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013) (citations omitted).

Generally, "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813-814 (La.1993) (citations omitted). Further, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code Art. 2315. "Fault is a breach of duty owed by one party to another under the particular facts and circumstances of a given case." *Broussard v. Northcott Expl. Co., Inc.*, 481 So.2d 125, 128 (La. 1986). Fault encompasses any conduct that falls below the standard of care that would

6

be exercised by a reasonable person. *See Landry v. Bellanger*, 851 So.2d 943, 949 (La. 2003) and *Esco v. Smith*, 468 So.2d 1169, 1174 (La. 1985).

Here, the proposed pleading seeks to substitute Walker for the fictitiously named Jane Roe. (FASC). The original petition included a host of alleged acts of negligence by Roe/Walker, including her failure to keep a proper lookout. *See* Petition, ¶¶ 5-6. Walmart disputes that the Streets have set forth a viable claim against Walker personally. (Opp. Brief, pg. 10). In so doing, it emphasizes that the Streets have not taken Walker's deposition, and make only conclusory allegations concerning her liability. *Id*., pg. 2.

However, the Streets alleged that Roe/Walker failed to exercise reasonable care in her operation of the pallet jack or cart, which was why Roe/Walker "rammed" into Street, knocking her forcefully to the ground and inflicting serious injury. *Id*. Furthermore, Walker admitted that she "bumped" into Street and that she fell. (Witness Statement; M/Leave to Amend, Exh. [doc. # 12-3]). The court plausibly may infer that Walker personally breached a duty that every person owes to every other person, that is, not to strike, hit, ram, or knock him or her over. *See* LA. CIV. CODE ART. 2315. Accordingly, the court finds that the Streets have stated a colorable claim for relief against Walker.

    b)    *Hensgens* Considerations

Turning to the *Hensgens* factors, the undersigned observes that district courts have mulled various considerations to determine whether the purpose of a given amendment is to defeat federal jurisdiction. For example, some courts will ask "whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862 (E.D. La.

May 12, 2005); *see also Penny Realty Inc. v. Sw. Capital Servs., Inc.*, No. 08-0473, 2008 WL 2169437, at *2 (W.D. La. May 23, 2008). Alternatively, other cases have recognized that "as long as the plaintiff states a valid claim against the new defendants, the principal purpose of the amendment is not to destroy diversity jurisdiction." *Herzog v. Johns Manville Prods. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002); *see also Tillman v. CSX Transp. Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (upholding a finding that where the plaintiff had a valid cause of action against a defendant, the principal purpose of the amendment was not to defeat federal jurisdiction).

In 2018, this court adopted the latter approach, i.e., so long as a plaintiff states a valid cause of action against the non-diverse defendant, then the principal purpose of the amendment is not to destroy diversity jurisdiction. *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, Civ. Action No. 18-0229, 2018 WL 6728587 (W.D. La. Dec. 21, 2018) (Doughty, J.). As discussed above, the Streets enjoy a viable cause of action against Walker. Therefore, the principal purpose of the amendment is not to defeat diversity. *Diamond McCattle Co. LLC, supra.*

As to the timeliness of the proposed amendment, Walmart states that it "does not necessarily contend that plaintiffs' amendment is dilatory," but then notes that the Streets permitted several weeks to lapse between receipt of Walker's name in Walmart's initial disclosures and the filing of the instant motion.[2] The Streets explain that the initial disclosures

---

[2] Walmart further suggests that Street should have discerned Walker's name from her name tag that she was wearing on the day of the accident. However, even if Walker had her full name displayed, the court cannot fault Street for any alleged failure to notice and preserve Walker's identity in the immediate aftermath of the incident. Clearly, if Street had recalled Walker's name, she would not have sued her under a fictitious name.

were received "not long before the holidays began." Consequently, it is likely that the matter did not become a priority until counsel was prompted by the issuance of the scheduling order. Of course, the Streets promptly filed the instant motion within five days thereafter.

To be sure, the Streets could have filed the instant motion closer to the date that they received Walmart's initial disclosures. However, the court cannot conclude that they were dilatory. *See Diamond McCattle Co., LLC* (plaintiff not dilatory where she sought amendment after defendant filed a motion for summary judgment and where she allowed three-months to lapse before propounding discovery to uncover the names of defendant's employees). Moreover, the Streets filed their motion months before the May 26, 2023 deadline to amend pleadings and join parties. *See Roussell v. PBF Consultants, LLC,* Civ. Action No. 18-899, 2020 WL 5901118, at *11 (M.D. La. Sept. 18, 2020), R&R adopted, 2020 WL 5900135 (M.D. La. Oct. 5, 2020) (plaintiff not dilatory when she filed her motion for leave to amend within the deadlines set in the court's scheduling order); *Jones v. Rent-A-Center East, Inc.*, 356 F.Supp.2d 1273, 1276 (M.D. Ala. 2005) (finding that plaintiffs were not dilatory because motion to amend was filed within the time allowed by the scheduling order); *Smith v. Robin America, Inc.*, Civ. Action No. H-08-3565, 2009 WL 2485589, at * 6 (S.D. Tex. Aug. 7, 2009) (when a deadline for amendments has been set, and the deadline has been complied with, it would be unreasonable for the court to find the delay dilatory). Finally, Walmart has not shown any material prejudice from the alleged delay.

As to whether the Streets will suffer significant injury if amendment is not allowed, the court acknowledges that, so long as Walmart is able to fund any judgment rendered in the Streets' favor, then they likely will not suffer any ultimate financial repercussions if leave to amend were denied. Moreover, if, as Walmart concedes in its brief, Walker was acting within

9

the course and scope of her employment, then Walmart will be liable for her negligence. *See* La. Civ. Code Art. 2320.

Nonetheless, consideration of cost, judicial efficiency and potentially inconsistent results weigh in favor of not requiring the Streets to prosecute separate suits in two forums where, as here, both arise under the same set of facts. *Roussell,* 2020 WL 5901118, at *11 (citations omitted). *Roussell,* 2020 WL 5901118, at *11 (citations omitted). Moreover, because the fault of both Walmart and Walker will have to be quantified, even if they were sued separately, this allocation of fault should be performed in a single case by the same trier of fact. Indeed, the Louisiana Supreme Court recently has emphasized the importance of separately analyzing and quantifying the fault of employees and their employers. *See Martin v. Thomas*, 346 So. 3d 238 (La. 2022).[3] Accordingly, the third factor, like the others, weighs in favor of remand.[4]

Finally, aside from its federally recognized interest and strong preference to litigate this matter in federal court, Walmart does not identify other considerations "bearing on the equities" that are not already subsumed within the specific *Hengens* considerations. The court remains acutely cognizant of a defendant's interest in retaining its chosen federal forum. However,

---

[3] In *Roussell v. PBF Consultants, LLC*, the court emphasized that if plaintiff were forced to sue the prospective, non-diverse defendant in a separate suit then, "not only would that suit likely be prescribed under Louisiana's one-year prescriptive period for personal injury actions, but a separate suit (if allowed to proceed) risk[ed] the possibility of inconsistent judgments regarding the percentages of fault attributable to [all defendants]." *Roussell,* 2020 WL 5901118 at *11 (quoted source omitted).

[4] Walmart argues that the fact that Walker is not an indispensable party weighs against a finding that the Streets will be significantly injured if the proposed amendment were denied. However, the *Hensgens* analysis presupposes a non-diverse, non-indispensable party. *See Hengens*, 833 F.2d at 1182.

plaintiffs enjoy a countervailing interest in reclaiming their preferred forum.[5] For better or worse, Louisiana law permits a tort victim to sue both the tortfeasor and the tortfeasor's employer. The court is not unsympathetic to the reality that individual employees may be subject to personal liability for acts that they likely performed for, or at the behest of their employer. However, the possibility of dual layers of potentially redundant liability presents an issue that remains within the particular province of the legislature to redress.[6] In the interim, however, and in the absence of other compelling *Hensgens* considerations, the court is reluctant to circumscribe plaintiff's ability to exercise that right.

In sum, upon application of the *Hensgens* considerations, the court finds they weigh in favor of allowing the proposed amendment.[7]

## II.   Remand

The joinder (or substitution) of a non-diverse defendant destroys the court's subject matter jurisdiction. *Cobb, supra*. Once joinder of a diversity-destroying defendant is

---

[5] As Judge Rubin once remarked, "[f]orum-shopping is sanctioned by our judicial system. It is as American as the Constitution, peremptory challenges to jurors, and our dual system of state and federal courts." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983). "The existence of these choices not only permits but indeed invites counsel in an adversary system, seeking to serve his client's interests, to select the forum that he considers most receptive to his cause." *Id.*

[6] In the wake of *Canter*, which permitted injured workers to file suit against their co-employees, notwithstanding their employers' workers compensation immunity, the legislature amended the workers' compensation statute to preclude negligence suits brought against co-employees.

[7] In its brief, Walmart cited a range of cases that reached outcomes inconsistent with this case. To the extent that those opinions are not otherwise distinguishable, they remain district court decisions that are not binding on this court. Furthermore, decisions from this court that precede the sea change in *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, are similarly unpersuasive.

permitted, remand to state court is not merely discretionary, it is mandatory.  28 U.S.C. § 1447(e); *Cobb, supra*; *Wilson, supra*; *Hensgens*, 833 F.2d at 1182 (if amendment is permitted, the court must remand the whole case to state court)

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that Plaintiffs Denice Hodge Street and Curtis Daniel Street's motion for leave to file a first amended and supplemental complaint [doc. # 12] is GRANTED.[8]  As a result,

IT IS RECOMMENDED that Plaintiffs Denice Hodge Street and Curtis Daniel Street's motion to remand [doc. # 12] be GRANTED, and that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

---

[8]  As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 24th day of May, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE